**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**J.A., a minor, by John Abelove and Kathryn Abelove, his next friends, parents and natural guardians,**

          **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:05-cv-975-Orl-31DAB**

**SEMINOLE COUNTY SCHOOL BOARD and KATHLEEN MARY GARRETT,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DEPOSITION QUESTIONS AND REQUEST FOR SANCTIONS AGAINST GARRETT (Doc. No. 37)**
>
> **FILED:** **December 28, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff, through his next friends, is suing Seminole County School Board and his former special education teacher Kathleen Garrett for alleged violations of his civil rights[1] while Plaintiff attended South Seminole Middle School.  Doc. No. 1.  Plaintiff deposed Defendant Garrett on December 1, 2005; during the deposition Garrett refused to answer any questions posed to her other

---

[1] Plaintiff also alleges violations of the Federal Rehabilitation Act and a state claim for intentional infliction of emotional distress.

than a request for her name, based on her Fifth Amendment rights against self-incrimination. Plaintiff moved to compel Garrett's responses and for sanctions (Doc. No. 37) and Garrett filed her opposition. Doc. No. 38.

Garrett contends that because she is defending herself against multiple counts of felony aggravated child abuse and child abuse in a pending criminal proceeding (in state court), she cannot respond to any deposition questions because any such evidence will be used against her in the criminal proceeding. Trial in the criminal proceeding is scheduled for March 2006. Garrett "has expressed her intentions to defend herself against [this] suit as soon as she feels her Fifth Amendment rights will not be violated." Doc. No. 38.

The Fifth Amendment serves as a shield to any party in a civil proceeding who fears that complying with discovery will expose him to a risk of self-incrimination. *Wehling v. Columbia Broadcasting System,* 608 F. 2d 1084, 1086 (5th Cir. 1980) citing *Lefkowitz v. Cunningham*, 431 U.S. 801, 805 (1977). The protection does not merely encompass evidence that may lead to a criminal conviction, but includes information that would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence that an individual reasonably believes could be used against him or her in a criminal prosecution. *Hoffman v. United States,* 341 U.S. 479, 486 (1951). The protection is limited to instances where the witness has reasonable cause to apprehend danger from a direct answer. *Id*. The witness is not excused from answering question "merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination." *Id*. Instead, it is for the court to determine whether the witness's silence is justified and to require him to answer if it clearly appears to the court that he was mistaken. *Id*.

Under the Federal Rules of Civil Procedure, a party is entitled to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. According to Plaintiff's Motion to Compel, at Plaintiff's deposition, she refused to answer all questions except to give her name. Plaintiff now seeks to compel the responses to ten questions that are relevant to the claims against her the answers to which are non-incriminating: her address, identify her attorneys, whether she belongs to the teachers' union, whether she has insurance coverage for the claim, her educational background, her employment history, supervisors, and any training she has received for dealing with autistic children, and behavior problems. Doc. No. 37 at 3-4. Garrett contends that responses even to such questions regarding her address, employment history and insurance coverage may incriminate her because "any and all of the questions posed by Plaintiff in his December 1, 2005 deposition could be considered incriminating at this time." Doc. No. 38. Garrett apparently believes that answers to questions regarding her employment history "could support a link in the chain of evidence needed to prosecute" her for a crime. Doc. No. 38.

Because the Plaintiff has failed to file Garrett's entire deposition, it is impossible for the Court to determine the propriety of Garrett's invocation of the Fifth Amendment privilege as to the more than ninety questions that Plaintiff alleges were asked of her. Doc. No. 38 at 5. However, Garrett's decision to remain silent on certain issues may be cited against her in this civil case. "The Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *see also United States v. A Single Family Residence and Real Property,* 803 F.2d 625, 629 n. 4 (11th Cir. 1986). "Aside from the privilege against compelled self-incrimination, the Court has consistently recognized that in proper circumstances silence in the face of accusation is a

relevant fact not barred from evidence by the Due Process Clause. *Id.* at 319; *see also SEC v. Scherm*, 854 F.Supp. 900, 904-905 (N.D. Ga. 1993). Defendant Garrett is advised that invocation of her Fifth Amendment privilege and silence may have adverse consequences in this civil case.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record