# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**J.A., a minor, by John Abelove and Kathryn Abelove, his next friends, parents and natural guardians,**

            **Plaintiffs,**

**-vs-**                                          **Case No.   6:05-cv-975-Orl-31DAB**

**SEMINOLE COUNTY SCHOOL BOARD and KATHLEEN MARY GARRETT,**

            **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES TO DEPOSITION QUESTIONS AND REQUEST FOR SANCTIONS AGAINST GARRETT (Doc. No. 41)**
>
> **FILED:   February 15, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff's second motion is identical to his First Motion to Compel, with the addition of Garrett's full deposition, where Plaintiff had previously provided only the ten (of the ninety total) questions whose answers Plaintiff apparently sought to compel. Plaintiff has alleged no new grounds to compel Plaintiff's responses.

As set forth in this Court's Order of February 14, 2006 (Doc. No. 40), Plaintiff's decision to remain silent on certain issues may be cited against her in this civil case. "The Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *see also United States v. A Single Family Residence and Real Property,* 803 F.2d 625, 629 n. 4 (11th Cir. 1986). "Aside from the privilege against compelled self-incrimination, the Court has consistently recognized that in proper circumstances silence in the face of accusation is a relevant fact not barred from evidence by the Due Process Clause. *Id.* at 319; *see also SEC v. Scherm*, 854 F.Supp. 900, 904-905 (N.D. Ga. 1993). **Defendant Garrett is once again advised that invocation of her Fifth Amendment privilege and silence may have adverse consequences in this civil case.**

**DONE** and **ORDERED** in Orlando, Florida on March 9, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record