**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**J.A., a minor, by John Abelove and Kathryn Abelove, his next friends, parents and natural guardians,**

        **Plaintiffs,**

**-vs-**                                      **Case No.  6:05-cv-975-Orl-31DAB**

**SEMINOLE COUNTY SCHOOL BOARD and KATHLEEN MARY GARRETT,**

        **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   MOTION TO APPOINT COMMISSIONER (Doc. No. 50)**
>
> **FILED:       July 13, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as unnecessary**.

The School Board seeks an order appointing a court reporting firm as out-of-state commissioner[1] for the deposition of a witness, Jerrold Kartzinel, M.D.  Although the School Board states that such a commission "will ensure compliance with the Federal Rules of Civil Procedure," no such commission is authorized under the Federal Rules.  Rather, to depose a witness in another state for a case pending in Federal court, the party setting the deposition must obtain a subpoena from

---

[1] Although the School Board has not cited a statute or rule under which it is proceeding, Florida Statute § 92.251, Uniform Foreign Depositions Law, requires such a commission for out-of-state proceedings in *Florida* cases.

the federal court where the witness resides compelling his attendance at the deposition.  *See* Fed. R. Civ. P. 30(1) ("The attendance of witnesses may be compelled by subpoena as provided in Rule 45"); Rule 45 (A subpoena . . . for attendance at a deposition [must issue] from the court for the district where the deposition is to be taken.").  Therefore, a commission is not necessary.

**DONE** and **ORDERED** in Orlando, Florida on July 14, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record