**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**J.A., a minor, by John Abelove and Kathryn Abelove, his next friends, parents and natural guardians,**

           **Plaintiffs,**

**-vs-**                                                    **Case No. 6:05-cv-975-Orl-31DAB**

**SEMINOLE COUNTY SCHOOL BOARD and KATHLEEN MARY GARRETT,**

           **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF'S AMENDED MOTION TO STRIKE EXPERT WITNESSES, OR, IN THE ALTERNATIVE, MOTION TO EXTEND THE DISCOVERY DEADLINE (Doc. No. 53)**
>
> **FILED:** August 23, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED to the extent not moot.**

> **MOTION:** **MOTION TO EXCLUDE FROM EVIDENCE PLAINTIFF'S EXPERT TESTIMONY (Doc. No. 60-1)**
>
> **FILED:** September 1, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice** to its reassertion at trial.

Plaintiff moves to strike four experts from whom Defendant Garrett did not produce reports but listed on her June 15, 2006 Expert Witness Disclosure: Laura Tudeen, Jennifer Smith, Dr. Malcolm Roberts, and Dr. Joseph Keely. *See* Doc. No 53 at 6-11. Defendant Garrett moves to strike the testimony of Plaintiff's Expert Dr. Timothy Vollmer who will testify about the effects of the alleged mistreatment of Plaintiff.

Federal Rule of Civil Procedure 26 imposes specific disclosure requirements upon any witness "who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." FED. R. CIV. PROC. 26(a)(2)(B). Notice of the expert witness' name is not enough; each witness must provide a written report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor," as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony. *Id.* Any party that "without substantial justification" fails to disclose this information is not permitted to use the witness as evidence at trial "unless such failure is harmless." Fed. R. Civ. Proc. 37(c)(1).

*Motion to Strike Garrett's Expert Witnesses*

According to Garrett's Response to the Motion to Strike, none of the witnesses have been "retained or employed" by Garrett to testify on her behalf. Dr. Keeley's name has been withdrawn; the School Board, not Garrett, retained Dr. Roberts. Garrett designated the other two witnesses, Laura Tudeen and Jennifer Smith and provided their curriculum vitae. Doc. No. 53 at 6. Garrett contends that no report is required because they are certified elementary teachers of autistic children who are not being paid to testify or regularly provide expert opinion; thus, they are not required to prepare or produce reports.

The Federal Rules envision four classes of experts: 1) experts a party *expects* to use at trial; 2) experts retained or specially employed in anticipation of litigation or preparation for trial but not expected to be used at trial; 3) experts informally consulted in preparation for trial but not retained; and 4) experts whose information was not acquired in preparation for trial (such as regular employees of a party or experts who were actors or viewers of the occurrences that gave rise to suit); these actors are generally treated as ordinary fact witnesses. Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2029 (1994).

Garrett does not explain what the other elementary teachers, Tudeen and Smith, will testify about, but merely states "[t]hey will be testifying on behalf of Kathleen Garrett, and given their qualifications and expertise, they are competent to testify on the basis of their experience and education." Doc. No. 55 ¶ 7. Garrett cites *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) for the proposition that "the law is well established that a witness can provide expert testimony and need not produce a report" (Doc. No. 55 ¶ 7), even though the case clearly stands for the opposite proposition. In *Prieto*, the Eleventh Circuit held that the proffered witness, a fellow employee-police officer testifying in a § 1983 excessive force case, "functioned exactly as an expert witness normally does, providing a technical evaluation of evidence he had reviewed in preparation for trial. Because he had no direct, personal knowledge of any of these facts, his role was simply not analogous to that of a treating physician, the example offered by the Advisory Committee of an employee exempt from the written report requirement." *Id*. (citing Fed. R. Civ. Proc. 26 advisory committee's note). Unless these witnesses are fact witnesses (which, in that case, do not require a report), it is difficult for the Court to understand the value their testimony unless they are qualified as experts, and then reports

should have been provided.[1]  Plaintiff's Motion to Strike Garrett's Expert Witnesses is **GRANTED,** to the extent not moot.

### *Motion to Strike Plaintiff's Expert Witness*

Defendant Garrett moves to exclude the expert testimony of Plaintiff's witness, Timothy Vollmer, Ph.D., an associate professor of psychology,[2] who will testify regarding the effects of the alleged mistreatment of Plaintiff.  Doc. No. 60.  Although not titled a *Daubert* Motion, Garrett basically argues that Dr. Vollmer's testimony should be excluded because it does not meet the criteria for scientific evidence set forth in Federal Rule of Evidence 702, and expounded on in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999).  Garrett contends that Vollmer is not qualified to opine whether Plaintiff was injured by Garrett.

Specifically, Garrett contends that Dr. Vollmer's report is based on hearsay, that Dr. Vollmer's expert opinion does not appear to be based on any scientific principles and the behavior he cites "characterize most severely retarded young people" (apparently in Garrett's counsel's opinion) and is also common in "fourteen year old boys as a matter of course."  Doc. No. 60 at 6.  Garrett also opposes Vollmer's testimony because he does not list any other cases in which he has testified as an expert.

Dr. Vollmer is an expert in applied behavior analysis, behavior disorders displayed by individuals with development disabilities and autism, and child abuse and maltreatment.  Doc. No. 60-2 at 1.  He is an associate professor at the University of Florida and previously held positions at

---

[1] Even if the witnesses are "volunteers" rather than paid experts, they have been retained by Garrett to provide expert testimony, and she obliged to comply with Rule 26.

[2] Dr. Vollmer's resume also identifies him as a "Joint-Assistant/Associate Professor" in the Psychiatry Department.

Louisiana State University and the University of Pennsylvania. *Id.* He has published over 80 peer reviewed empirical studies and book chapters. *Id.* He has received two major achievement awards from the American Psychological Association, has served as associate editor for the *Journal of Applied Behavior Analysis*, served as a reviewer or editorial board member for over a dozen other journals, served as president of the Florida Association for Behavior Analysis and Board Member for the Society of the Experimental Analysis of Behavior, and has received research funding from numerous state and federal agencies. *Id.* Dr. Vollmer also directs a large-scale service and research program on child maltreatment and abuse. *Id.* He holds several executive positions in behavior analyst professional associations and is board certified. *Id.* at 6.

Plaintiff contends that Vollmer is qualified to analyze and testify about J.A.'s behaviors, interpreting them in light of the alleged abuse occurring in the classroom, because J.A. is autistic and cannot communicate what happened to him. Dr. Vollmer formed his opinions based on direct observation of J.A. in his school setting and home, direct observation of the classroom where the alleged abuse occurred, after reviewing personal academic records and witness statements, including the depositions of former classroom assistants, and the investigative summary from Seminole County Public Schools Office of Professional Standards. Doc. No. 60-2 at 1. Subsequent to preparing his report, Dr. Vollmer has been provided additional discovery, including the speech therapist reports and daily progress reports, and Dr. Fiske's records for the relevant time period. Doc. No. 68 at 3.

Garrett concedes that Dr. Vollmer is qualified to testify about behaviorism (Doc. No. 60 at 6), but argues that he is not qualified to testify about the injuries caused to J.A. Certified behavior analysts are used to diagnose and provide treatment for children with autism. *See, e.g., J.P. v. County*

*School Board of Hanover County, Va.,* __ F. Supp. 2d __, 2006 WL 2527645 (E.D. Va. Aug. 28, 2006).

Plaintiff argues that behavioral science is a well-founded science that has been allowed as evidence in multiple courts across the country, including the Eleventh Circuit in *United States v. Cross*, 928 F.2d 1030, 1049-50 (11th Cir. 1991). In *Cross*, the Eleventh Circuit affirmed the trial court's admission of the expert testimony of an FBI agent on the characteristic behaviors of pedophiles in an obscenity prosecution because the obscenity of the photos of children was an essential element of the offense and the "contested materials [were] directed at . . . a bizarre deviant group that the experience of the trier of fact would be plainly inadequate to judge whether the material appeals to the prurient interest." *Id.* at 1050.

Garrett does not dispute that J.A. cannot adequately communicate about the alleged abuse[3]. Dr. Vollmer's testimony may assist the trier of fact in determining whether J.A.'s behavior indicates any damage occurred to J.A.; it will be up to the jury to decide whether that abuse occurred as alleged. Garrett's argument against Dr. Vollmer's testimony boils down to a disagreement with Dr. Vollmer's conclusions. Overall, Garrett's objections go to the weight to be given to Vollmers's testimony and not to its admissibility, and Garrett will have the opportunity to cross-examine Vollmer regarding his opinions.

Ultimately, it will be up to the trial court to decide whether Vollmer's opinions are relevant to the issues raised and the precise questions asked, and the trial court will instruct the jury as to the weight they are to be given. To the extent Vollmer's opinions concern issues the trial court finds not

---

[3] According to Dr. Vollmer's report, J.A. he "does not speak very well" and has "limited verbal abilities." Doc. No. 60-2 at 2, 4.

relevant or the trial court decided as a matter of law or crystalized in a jury instruction, Garrett's Motion to Strike Vollmer's Testimony is **DENIED without prejudice** to its reassertion at trial.

**DONE** and **ORDERED** in Orlando, Florida on October 12, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record